THE NATIONAL CITY BANK, Appellant, *v.* THE NEW YORK
GOLD EXCHANGE BANK, Respondent.

Defendant had a department for the general clearance of contracts between
its customers for the purchase and sale of gold, known as the " Clearing-
House."   Clearances were made each day by means of statements fur-
nished by the dealers to defendant, of purchases and sales made by them;
defendant acting simply as mutual agent for the parties.  On a day when
many members of the clearing-house had failed to perform their con-
tracts, and when there was great confusion in regard to them, O. & Co.,
plaintiff's assignor, presented two separate statements, one in the morn-
ing, and one in the afternoon.  In the first was an item of a transaction be-
tween O..& Co., and a firm which failed on the morning of that day.  It was
not usual to present more than one statement during the same day.  When
O. & Co. called upon defendant for the balances shown to be due that firm
by the statements, they were advised by its president, that owing to the
confusion in business, he could not tell how the statements stood, and
that the bank would only pay approximate balances, reserving a margin
to secure defendant against failures.  Defendant accordingly paid $30,-
000 on the second statement, leaving $10,000 unpaid thereon, and paid
nothing on the first.   In an action to recover the balances shown by the
statements, *held*, that to entitle plaintiff to recover, it was necessary for
it to show a clearance, by defendant, of the statements, and that a bal-
ance had been struck in favor of O. & Co., which made out a demand in
the nature of an account stated ; that the statements were to be taken
and considered together as but one statement; but that if considered sep-
arately, there was no such clearance of either as bound defendant, and
that plaintiff was not entitled to recover.
The only portion of the statement which was questioned was the item of
the transaction with the insolvent firm; plaintiff claimed defendant was
liable because of an omission on its part to notify O. & Co. of the fail-
ure ; it appeared that O. & Co. had knowledge of the fact.  *Held*, that,
having such knowledge, the fact that they were not notified thereof by
defendant was immaterial.

(Argued February 11, 1886 ; decided March 16, 1886.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, made May 9, 1884, which
affirmed, so far as appealed from by defendant, a judgment in
favor of plaintiff, entered upon the report of a referee.

This action was brought to recover balances alleged to be due

upon two statements of gold transactions, the nature of which, as well as the material facts are set forth in the opinion.

*William H. Arnoux* for appellant. The effect of an account stated is the same as a promissory note. There is an existing legal obligation to pay the amount so ascertained to be due. (*Lockwood* v. *Thorne,* 11 N. Y. 170, 173 ; *Willes* v. *Jernegan,* 2 Atk. 257 ; *Phillips* v. *Belden,* 2 Edw. Ch. 1.)    The plaintiff is entitled to recover on the first statement as an account. (*Oddie* v. *Nat. City Bk. N. Y.,* 45 N. Y. 735; *Shapley* v. *Abbott,* 42 id. 447 ; *Kellogg* v. *Ames,* 41 id. 264 ; *Plumb* v. *Cattaraugus Ins. Co.,* 18 id. 392 ; *Ames* v. *N. Y. W. Ins. Co.,* 14 id. 253 ; *Rowley* v. *Empire Ins. Co.,* 3 Keyes, 360 ; *Fowler* v. *N. Y. Gold Ex. Bk.,* 67 N. Y. 138, 143.)

*Luke A. Lockwood* for respondent. The relation subsisting between Oddie & Co. and the defendant was that of principal and agent. (*Fowler* v. *Gold Ex. Bk.,* 67 N. Y. 138.) The relation between a bank and its depositors is that of debtor and creditor. (*Matter of Franklin Bk.,* 1 Paige, 249 ; *Cragie* v. *Hadley,* 99 N. Y. 131, 133 ; *Met. Nat. Bk.* v. *Lloyd,* 90 id. 530, 536 ; *Comm. Bk.* v. *Hughes,* 17 Wend. 94 ; *Marsh* v. *Oneida Bk.,* 34 Barb. 298.) No action lies against the defendant as upon " an account stated." (*Volkening* v. *DeGraaf,* 81 N. Y. 268; *Stenton* v. *Jerome,* 54 id. 480, 484.) The relation of principal and agent existing between defendant and Oddie & Co., the only action which could be maintained by the plaintiff upon the facts proved is an action for an accounting. (Code of Civ. Pro., § 541.) There could be no action for negligence, because negligence is such a neglect of duty as causes damage. (*Nicholson* v. *E. R. Co.,* 41 N. Y. 525 ; *Barry* v. *N. Y. C. & H. R. R. R. Co.,* 92 id. 293 ; Story on Agency, 222, 236 ; Paley on Agency, 8, note 3 ; id. 39 ; *Bridge* v. *Mason,* 45 Barb. 37 ; *Blot* v. *Boiceau,* 3 N. Y. 78 ; *Allen* v. *Suydam,* 20 Wend. 321 ; *Buckingham* v. *Payne,* 36 Barb. 81 ; *Fowler* v. *Gold Ex. Bk.,* 6 Hun, 191.)

MILLER, J. The defendant, being a banking corporation, had a department for the general clearance of contracts for the purchase and sale of gold, known as the "clearing-house." These clearances were made among those who dealt with the defendant, and were members of the clearing-house, each day by means of statements of purchases and sales of gold made by them being delivered to the defendant. The defendant in these transactions acted as the common agent of the dealers in gold in the settlement of the contracts made between them. It received the gold sold from the seller, as his agent, and delivered it to the buyer for whom it was received, in the same capacity, and received from him the amount of the price thereof in currency and paid the same over to the party entitled thereto. This was accomplished by means of the statements delivered to defendant by the members dealing with it, the defendant from these statements determining the balance due it or the members on each day's transactions, and paying over to or receiving from the members such balance. The transaction in which the defendant was engaged was the mere exchange of commodities between those who were dealing with it, the defendant acting as mutual agent. Oddie & Co., plaintiff's assignors, were the principals, and the defendant was their agent to ascertain and determine the balance existing between them and the parties with whom they contracted, and upon said balance being ascertained and adjusted, defendant received it and transferred it to the party to whom it belonged. The defendant merely determined the balance due between contracting parties, and as their mutual agent delivered the gold or currency found due, upon receipt thereof, in settlement of their statements. (*Fowler* v. *N. Y. Gold Exchange Bank,* 67 N. Y. 138.)

To entitle the plaintiff to maintain this action it was necessary for it to establish that there had been a clearance of the statements under which a recovery was claimed, and that a balance had been struck in favor of Oddie & Co., which made out a demand in the nature of an account stated and thus created a liability against the defendant. It is claimed that

Oddie & Co., having presented to defendant, on the 24th of September, 1869, two separate and distinct statements, both of which were cleared, the plaintiff is entitled to recover a balance of $7,282.50, currency, alleged to be due Oddie & Co., on the first statement, and $10,000 gold, on the second statement.

The referee upon the trial held that there was no clearance by the defendant as to the first statement and that there was as to the second, and it appears from his opinion he decided that the non-clearance of the first statement was owing to the default of Belden & Co., one of the contractors mentioned in said statement, in not filing their statement with defendant, and as to the second it not being treated as a part of the first, was treated as an independent statement of other dealers, and not being open to the same objection as the first, was cleared, and the defendant thus became the holder of $40,000 gold belonging to Oddie & Co., for which they could draw at once, and that the defendant recognized this by paying $30,000 on account, which was indorsed on the statement, leaving a balance of $10,000 gold due Oddie & Co.

It would seem that the statements of Oddie & Co. were cleared with the exception of the item therein stated as that of Belden & Co., and that no controversy exists as to any other item of the statements. Belden & Co. failed on the morning of the day when these transactions occurred. We think the referee was right in holding that the first statement was not cleared, and erred in his conclusion that the second statement was cleared. The first statement related to transactions of the day before and early in the morning of the twenty-fourth, and the second statement was of transactions late in the day of the twenty-fourth. The two statements must be taken together as constituting the transactions of the clearing-house with Oddie & Co. on the twenty-fourth of September. It was not usual in the transaction of the business in the clearing-house to present two statements during the same day, and we are unable to see why the presentation of more than one should change the character of the transaction for the entire day. In fact Oddie & Co. presented on this day several corrected statements after

the first two had been handed in, and it would seem as if all of these should be considered in connection as constituting a statement of the whole of their business with the defendant on the day named.    It is very manifest that the failure of Belden & Co. was a sufficient ground for not clearing the first statement, if that statement can be regarded as separate and distinct from the other, and even if such was the case, as the failure of Belden & Co. would affect the entire account and thus render it difficult to determine how it stood, and what balance, if any, was coming to Oddie & Co., and whether any funds remained in the hands of the defendant which properly belonged to them, it is not apparent how the defendant could properly clear the statements of Oddie & Co.    Great excitement and confusion prevailed in financial circles on the day named. Many of the members of the clearing-house had failed to perform their contracts for the purchase and sale of gold, and the clearing-house was thus left without funds to make deliveries to those who had made contracts with the defaulting members. The testimony of Mr. Oddie, one of the firm, shows that upon the day in question he called at the bank for the balance claimed to be due his firm, and the president of the bank informed him that there was confusion in the bank's business and that he could not tell how the statement stood.    The testimony of the president of the bank and one of its officers at the time shows that Oddie & Co. were informed on that day that there had been some failures, and that Belden & Co. was one of them, and was in default, and that the bank would only pay approximate balances, reserving a margin to secure the defendant for these failures.

Even if there was a conflict between these statements, the testimony of Oddie himself clearly establishes that it was impossible at the time to determine how the balances stood and to clear the statements.    It is apparent that the defendant on that day could not ascertain how matters were, and, in the face of the fact that Belden & Co. had failed, equally impossible to tell whether it had sufficient funds belonging to Oddie & Co. so as to be able properly to clear their statement.    The evi-

dence shows that the defendant did all that it could toward clearing the accounts by making deliveries of estimated or approximate balances to the members, and in this way it paid to Oddie & Co. $30,000 in gold on account. It also tends to establish the fact that they did the best they could under the pressure of the embarrassment then existing; that the amount paid to Oddie & Co. was paid to them rather as a matter of favor than otherwise, to relieve them so far as was practical and safe.

There was no promise, either express or implied, to pay them $10,000 in gold in addition to the $30,000 they had received; on the contrary, the payment itself indicated that no balance could be struck. The fact of a payment in part being made, under the circumstances then existing, was virtually a declaration by the defendant that it was unable to clear the statement of Oddie & Co. The evidence shows that the statement made by Oddie & Co. was not a statement of an account with the defendant; that it was not accepted as such or considered to be correct. It was never sanctioned by the defendant in accordance with the rules and regulations of the clearinghouse. There was no account made or existing between Oddie & Co. and the defendant, and it is very plain, therefore, that no action would lie against the defendant upon an account stated.

Some stress is laid by the appellant's counsel upon the admission made on the trial that the Oddie & Co. statements were cleared by the defendant with the exception of Belden & Co., and that no controversy was made as to any other item on the statements, and it is claimed that as Belden & Co. only appeared on the first statement it was admitted that the second statement was cleared. As the two statements, as we have seen, are to be taken together as constituting the transaction of the entire day, we do not understand that this admission would bear any such interpretation. As already indicated the failure of Belden & Co. affected both statements and the whole transaction, and there is no ground for the contention that it is admitted the defendant cleared the entire statement.

The appellant's counsel seeks also to sustain the right of the plaintiff to recover, for the reason that no notice was given to Oddie & Co. of the failure of Belden & Co. so that they might protect themselves.   This position is based upon the ground that the defendant was negligent in the performance of its duty.   Taking all the evidence in connection there would seem to be sufficient to establish the fact that Oddie & Co. had notice of the failure of Belden & Co., and the referee erred in refusing to find as requested that the failure of Belden & Co. was well known to Oddie & Co. on the day named.   Oddie himself swears, upon being asked whether he had heard of Belden & Co.'s failure before his conversation with the president of the bank, that he had heard rumors of it but could not get at the facts.   The testimony of the two Benedicts is direct and positive as to Oddie being informed of the failure at the time, and his clerk, Davis, swears that he talked with Oddie on the subject that day after three o'clock.   Oddie and his clerks were attending all that day at the Gold Exchange during the excitement, and Belden's name was posted there as having failed and his gold sold out to make up the difference before 12:30 o'clock of that day.   A well-known fact of the character of the failure of Belden & Co. could hardly have escaped the attention of Oddie & Co., who were engaged and deeply interested in the transactions of that day, and if Oddie & Co. had notice of such failure, otherwise, the fact that the defendant did not give such notice to them is of no importance.   In view of all the evidence the conclusion is irresistible that Oddie & Co. must have known of Belden & Co.'s failure early on the day of September twenty-fourth.   If they did know it, then they lost nothing by not being notified by the defendant that such was the fact.

It may be remarked that even if Oddie & Co. were not notified of this failure, it is not apparent how they sustained any damage in consequence thereof.   The claim that the plaintiff was entitled to recover of the defendant any sum whatever, even if the statement was not cleared, is, we think, without merit.   As the statements must be regarded as one transaction for which

a clearance was asked, there is no valid ground upon which the plaintiff could recover on account of a single item contained in the same.

No other point was presented which demands special attention.

The order of the General Term should be affirmed and judgment absolute ordered against the plaintiff on the stipulation, with costs.

All concur.

Order affirmed and judgment accordingly.